UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81051-CIV-ZLOCH

PATRICIA KENNEDY,

    Plaintiff,

vs.                          **DEFAULT FINAL JUDGMENT**

BIG DOLLAR SUPERMARKET, INC.,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff's Motion For Entry Of Judgment After Default And Verified Application For Attorney's Fees, Costs, Expert Fees And Litigation Expenses (DE 14). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

By prior Order (DE 12), the Court entered Default against Defendant and ordered Plaintiff to file a motion for Default Final Judgment no later than August 1, 2016. Plaintiff now moves for Default Final Judgment.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed admitted by Defendant by virtue of the Default entered against it. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, the Court finds that Defendant, as the owner, operator, lessee and/or lessor of a place of public accommodation as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., is responsible for complying with the obligations and Accessability

Guidelines of the ADA.  The place of public accommodation is the Facility located at 601-615 West Indiantown Road, Jupiter, Florida 33458.  The Court finds that Defendant has violated the ADA in each of the ways alleged by Plaintiff in his Complaint.  See DE 1, ¶ 7.

Plaintiff also seeks to recover her reasonable attorney's fees and costs for the successful prosecution of this action.  The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts."  10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2011).

To calculate a reasonable fee, the Court must utilize the "lodestar" method.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment

2

either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Here Plaintiff requests an hourly rate of $425.00 for Thomas Bacon, Esq., and $420.00 for Steven Kronick, Esq. In support of these hourly rate, Plaintiff's submits the Affidavit of Thomas Bacon, Esq., his Resume, the Affidavit of Steven Kronick, Esq., and various other exhibits. DE Nos. 14-1, 14-2, 14-3, 14-4, & 14-5. The Court, however, finds these to be unreasonable hourly rates. The above-styled cause was a straight-forward ADA case, seeking injunctive relief and ending in default being entered against Defendant, which did not present any new or complex legal issues any different from the issues routinely presented in the numerous ADA cases filed here in the Southern District of Florida. Accordingly, the Court finds $200.00 to be a reasonable hourly rate for both Thomas Bacon, Esq., and Steven Kronick, Esq.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately

3

determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

The Affidavits submitted by Plaintiff (DE Nos. 14-1 & 14-3) reflects that Mr. Bacon expended 1.0 hours in the successful prosecution of this action, and Mr. Kronick 6.7. The Court finds that this to be a reasonable amount of time spent on the above-styled cause. Therefore, Plaintiffs shall recover $1,540.00 ($200.00 x (1.0 + 6.7) in attorney's fees.

In addition to attorney's fees, the Court may, in its discretion, allow the prevailing party litigation costs and expenses as part of an award of attorney's fees. See 42 U.S.C. § 12205. Plaintiff's Motion (DE 14) seeks $2,045.00 in costs, including filing fees, fees for service of process on Defendant, costs of an expert report, and costs for re-inspection of the property at a future date. The Court finds the costs sought by Plaintiff's Motion (DE 14) to be reasonable and allowable under 42 U.S.C. § 12205, except to the extent that the Court has reduced the reinspection fee to $200.00. Therefore, the Court shall award Plaintiff costs in the amount of $1,245.00.

Accordingly, after due consideration, it is

**ADJUDGED** as follows:

1. The Court has personal jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff's Motion For Entry Of Judgment After Default And Verified Application For Attorney's Fees, Costs, Expert Fees And Litigation Expenses (DE 14) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Patricia Kennedy and against Defendant Big Dollar Supermarket, Inc., upon the Complaint (DE 1) filed herein;

4. Defendant Big Dollar Supermarket, Inc., be and the same is hereby **ENJOINED** from continuing its discriminatory practices. Defendant Big Dollar Supermarket, Inc., as the operator, owner, lessee and/or lessor of the Facility located at 601-615 West Indiantown Road, Jupiter, Florida 33458, be and the same is hereby **ORDERED** to correct the following architectural barriers and violations of the ADA at the Facility in a manner that comports with the standards set forth in the ADA Accessibility Guidelines for Buildings and Facilities:

   A) Lack of complaint, accessible route connecting the disabled parking spaces with the facilities of the property, which has excessive slopes, inaccessible doorways, improper door hardware, obstructions, narrow or blocked passageways, lack of sufficient maneuvering space, inaccessible merchandise, and narrow merchandise aisles;

   B) Failure to provide sufficient parking spaces and access aisles, with appropriate slop and signage;

C) Restrooms that have inaccessible doorways, improper door hardware, insufficient maneuvering space, obstructions, inaccessible sinks, inaccessible commodes, and pipes that are not sufficiently insulated.

5. Defendant shall comply with the terms of this Default Final Judgment within ninety (90) days of its entry; and

6. Plaintiff Patricia Kennedy does have and recover from Defendant Big Dollar Supermarket, Inc., the sum of $1,540.00 in attorney's fees and $1,245.00 in costs incurred in this action, for all of which let execution issue; and

7. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   31st   day of October, 2016.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record